UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Preston Blackwell,    Civ. No. 25-1048 (PAM/DLM)

          Plaintiff,

v.    **MEMORANDUM AND ORDER**

City of Saint Paul; Todd Axtell,
Chief; Reginak, Officer; Chouinard,
Officer; and Bjorkman, Officer, sued
in their personal, official, and
individual capacities,

          Defendants.

_____

Plaintiff Richard Preston Blackwell alleges that he was the subject of an illegal search and seizure in September 2018, and he seeks relief from the City of Saint Paul and several law-enforcement officers employed by the City of Saint Paul pursuant to 42 U.S.C. § 1983 and state law. The § 1983 claims are plainly untimely, and the Court will not exercise supplemental jurisdiction over the state-law claims. This matter therefore will be dismissed.

Blackwell applied for in forma pauperis ("IFP") status,[1] which requires the Court to review Blackwell's Complaint to determine whether it is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Blackwell's claims under § 1983 are plainly, obviously untimely. In Minnesota, claims brought pursuant to § 1983 are governed by the state's six-year statute of limitations

---

[1] Blackwell's IFP application includes at least one clear misstatement of fact. When asked whether he had "applied for in forma pauperis status in any other proceeding in federal court in the past five years," Blackwell failed to mention any other previous litigation. See IFP Application at 5. (Docket No. 2.) Blackwell is, in fact, a serial litigator in this District, having initiated at least eight other lawsuits since 2023 and having applied for IFP status in each of those cases. One of those lawsuits appears to have been substantively identical to the Complaint filed in this lawsuit. See Blackwell v. City of Saint Paul, No. 24-CV-3400 (ADM/DTS) (D. Minn.). That matter was dismissed without prejudice for failure to state a claim on which relief may be granted, and Blackwell's IFP application was denied. See id., Docket No. 4 (D. Minn. Oct. 3, 2024).

for personal injury claims. See Minn. Stat. § 541.05, subd. 1(5); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 617-18 (8th Cir. 1995) (overruled on other grounds). The events at issue in this lawsuit took place in September 2018. Blackwell filed this action on March 20, 2025, roughly six months after the expiry of the six-year limitations period. It is too late for Blackwell to seek relief under § 1983 for the events at issue in his Complaint.

It is likely also too late for Blackwell to seek relief under state law, but those claims will be dismissed for a different reason. The Court has original jurisdiction over Blackwell's § 1983 claims through the operation of 28 U.S.C. § 1331, but § 1331 does not supply original jurisdiction over the state-law claims. Blackwell does not allege that the parties are of diverse citizenship; to the contrary, it appears from the Complaint that every party is a citizen of Minnesota. Therefore, 28 U.S.C. § 1332 does not supply original jurisdiction over this lawsuit, either. Because Blackwell's claims for relief under federal law have been summarily dismissed at the outset of this action, the Court will not exercise supplemental jurisdiction over the remaining state-law claims. See Hervey v. County of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008).

This lawsuit will therefore be dismissed in its entirety. Blackwell's claims under § 1983 cannot successfully be amended—nothing that Blackwell now pleads will render those claims timely—and therefore those claims will be dismissed with prejudice. Blackwell's state-law claims will be dismissed without prejudice due to lack of jurisdiction. Finally, because Blackwell could not appeal the dismissal of this action in good faith, the Court will not grant IFP status to Blackwell on appeal if that status is requested.

Accordingly, **IT IS HEREBY ORDERED that:**

1. This matter is **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B) as follows:

    a. The claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED with prejudice**.

    b. The state-law claims are **DISMISSED without prejudice**.

2. Plaintiff Richard Preston Blackwell's application to proceed in forma pauperis (Docket No. 2) is **DENIED**.

3. It is certified that an appeal could not be taken in this matter in good faith.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 27, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge